RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE  07/07/05
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| **DANIEL RAY CYRIAK** | DOCKET NO. 1:05 CV 0937 |
| | SECTION P |
| VS. | JUDGE DEE D. DRELL |
| RAPIDES PARISH COURTHOUSE | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Before the Court is a civil action filed pursuant to 42 U.S.C. § 1983, by *pro se* Plaintiff, **DANIEL RAY CYRIAK** ("Plaintiff"). Plaintiff is currently confined at the Hunt Correctional Center in St. Gabriel, Louisiana. Plaintiff was granted permission to proceed *in forma pauperis* on June 9, 2005. [Rec. Doc. 3].

The instant matter was referred to the undersigned Magistrate Judge for review, report and recommendation in accordance with 28 U.S.C. § 636 and a standing order of this Court.

### I. FRIVOLITY REVIEW:

Plaintiff is proceeding *in forma pauperis* in this action; Therefore, the complaint is subject to the screening provisions mandated by 28 U.S.C. § 1915(e). This section mandates the *sua sponte* dismissal of an action at anytime before responsive pleadings are filed, if the Court finds that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is

1

immune from such relief. *See*, 28 U.S.C. §§1915(e)(B)(i)-(iii); <u>Ali v. Higgs</u>, 892 F.2d 438, 440 (5th Cir. 1990); <u>Green v. Mckaskle</u>, 788 F.2d 1116, 1119 (5th Cir. 1986); <u>Spears v. McCotter</u>, 766 F.2d 179, 181 (5th Cir. 1985). In performing this screening function, the court be cognizant of it's duty to hold *pro se* complaints to less stringent standards than formal pleadings drafted by an attorney. Courts are to liberally construe such complaints when determining whether a cause of action exists. <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)(*per curiam*).

The law accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. <u>Neiztke v. Williams</u>, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d. 358 (1989). A complaint is frivolous if it lacks an arguable basis in law (i.e. it is based upon a undisputably meritless legal theory) or in fact (i.e. the facts are clearly baseless, a category including allegations that are fanciful, fantastic, or delusional). <u>Hicks v. Garner</u>, 69 F.3d 22, 25 (5th Cir. 1995); <u>Booker v. Koonce</u>, 2 F.3d 114, 115 (5th Cir. 1993). A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. <u>Smith v. Winter</u>, 782 F.2d 508, 511-12 (5th Cir. 1986).

When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. Horton v. Cockrell, 70 F.3d 397,400 (5th Cir. 1996). After a review and consideration of the entire record, accepting all allegations as true, the undersigned recommends the action be dismissed in accordance with these provisions.

## II. STATEMENT OF CLAIM

Plaintiff alleges he was sentenced to 20 years on December 12, 1999. [Rec. Doc. 1, p. 5]. On appeal, his sentenced was vacated and remanded for re-sentencing. He was re-sentenced to 20 years to run concurrently. As defendants, Plaintiff names Judge George Metoyer as well as the State of Louisiana through the Rapides Parish Courthouse. [Rec. Doc. 1, p. 1, 4]. As relief, Plaintiff seeks monetary damages.

## III. ANALYSIS

Absolute immunity protects "officials whose special functions or constitutional status requires complete protection from suit," such as legislators, judges, prosecutors and executive officers engaged in adjudicative functions, whether state or federal. See Harlow v. Fitzgerald, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). Judicial officers are immune from liability for damages occasioned by their activities in the course and scope of their judicial function. Pierson v. Ray, 386 U.S. 547, 554, 87 S.Ct.

3

1213, 18 L.Ed.2d 288 (1967); See also, Graves v. Hampton, 1 F.3d 315, 317 (5th Cir.1993) (judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions). The alleged magnitude of the judge's errors or the mendacity of his acts is irrelevant. Young v. Biggers, 938 F.2d 565, 569 n. 5 (5th Cir.1991).

Judicial immunity can only be overcome by showing that the actions complained of were non-judicial in nature or by showing that the actions were taken in complete absence of all jurisdiction. Mireles v. Waco, 502 U.S. 9, 12-13, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991). A judge's acts are judicial in nature if they are " 'normally performed by a judge" ' and the parties involved " 'dealt with the judge in his judicial capacity."' Boyd v. Biggers, 31 F.3d 279, 285 (5th Cir.1994) (quoting Mireles, 502 U.S. at 11). Judicial immunity is a threshold question, to be resolved as early in the proceedings as possible. Boyd, 31 F.3d at 284.

Plaintiff has not alleged facts demonstrating the necessity of overcoming the absolute judicial immunity umbrella in this instance. Accordingly, the undersigned finds that Judge Metoyer is absolutely immune from suit and recommends the claims be dismissed pursuant to 28 U.S.C. § 1915(e) as frivolous.

Furthermore, Plaintiff's claims against the Rapides Parish Courthouse and the State of Louisiana are barred by the Eleventh Amendment. The Eleventh Amendment provides that States are immune

from suit for damages in federal court by citizens of the State, as well as citizens of other states, unless the state consents to suit. Edelman v. Jordan, 415 U.S. 651, 662-63, 94 S.Ct. 1347, 1355, 39 L.Ed.2d 662 (1974). Consequently, Plaintiff's claims against the Courthouse and the State of Louisiana should be dismissed *sua sponte* as this Court has determined that Plaintiff "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)(iii).

**Based upon the foregoing analysis,**

**IT IS RECOMMENDED THAT** the instant action be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(i)(iii) because Plaintiff seeks monetary relief from defendants who are immune from such relief.

## OBJECTIONS

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have **ten (10) calendar days** from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objections or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations reflected in this report and recommendation within ten (10) business days following the date of its service, shall bar an aggrieved party from attacking on appeal, either the factual findings or the legal conclusions that were accepted by the District Judge and that were not objected to by the aforementioned party, except upon grounds of plain error.[1]

**THIS DONE AND SIGNED** in Alexandria, Louisiana on this _6th_ day of _____, 2005.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

---

[1] See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).